**In re Danny Wayne PRYOR, Debtor,**

**Danny Wayne Pryor, Appellant,**

v.

**RW Investment Company, Inc., Appellee.**

**No. 11–60067.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2013.*

Filed Oct. 23, 2013.

Danny Wayne Pryor, Long Beach, CA, pro se.

Ronald Nolan Wilson, Esquire, Law Offices of Ronald Wilson, Maurice Lamont Chenier, Esquire, Law Office of Maurice Chenier Litigation/Appellate, Los Angeles, CA, for Appellee.

Before: FISHER, GOULD, and BYBEE, Circuit Judges.

MEMORANDUM **

Danny Wayne Pryor appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's decision that Pryor's debt to RW Investment Co., Inc. was nondischargeable under 11 U.S.C. § 523(a)(2)(A). We have

---

jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian),* 564 F.3d 1088, 1090 (9th Cir.2009). We affirm.

The bankruptcy court did not abuse its discretion in striking Pryor's answer and directing entry of default based on Pryor's willful failure to attend a status conference and to cooperate in the discovery process. *See Halaco Eng'g Co. v. Costle,* 843 F.2d 376, 379 (9th Cir.1988) (setting forth standard of review and explaining that this court will not reverse sanctions absent "a definite and firm conviction" that the lower court made "a clear error of judgment"); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir.1987) (setting forth five factors for court to weigh in determining whether severe sanction is appropriate).

The bankruptcy court did not err in granting default judgment to RW Investment for an exception to discharge under 11 U.S.C. § 523(a)(2)(A) because the court had ample evidence of Pryor's false representations, supporting nondischargeability of Pryor's debt to RW Investment. *See* 11 U.S.C. § 523(a)(2)(A) (excepting from discharge debt obtained by false pretenses, false representations, or actual fraud); *Ghomeshi v. Sabban (In re Sabban),* 600 F.3d 1219, 1222 (9th Cir.2010) (setting forth elements under § 523(a)(2)(A)).

Pryor's contention that this case is moot is unpersuasive.

We decline to address contentions that Pryor did not properly raise below, including his contentions concerning damages, alleged inconsistent testimony, standing, and the statute of limitations. *See Fla.*

*Partners Corp. v. Southeast Co. (In re Southeast Co.),* 868 F.2d 335, 339–40 (9th Cir.1989) (declining to address issue not raised before bankruptcy court).

**AFFIRMED.**